# In the United States Court of Federal Claims

No. 25-800

(Filed: October 2, 2025)

```
* * * * * * * * * * * * * * * * *
                                 *
CANDY MARIE COLLIER,             *
                                 *
                  Plaintiff,     *
                                 *
      v.                         *
                                 *
THE UNITED STATES,               *
                                 *
                  Defendant.     *
                                 *
* * * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

*Pro se* Plaintiff Candy Marie Collier filed suit against the United States as well as the Butte County Sherriff's Department for unspecified harm that resulted from a corrections officer at the Butte County Jail asking other inmates whether they knew her. ECF No. 1-2 at 2–3, 6. In general, Plaintiff's claims constitute, as far as the Court can discern, alleged violations of 18 U.S.C. § 242, a criminal statute. *See* ECF No. 1. As explained below, the Court is unable to exercise jurisdiction over Plaintiff's claims, and thus it must dismiss Plaintiff's complaint under Rule 12(h)(3) of the Rules of the U.S. Court of Federal Claims ("RCFC").

## BACKGROUND

On May 9, 2025, Plaintiff Candy Marie Collier, proceeding *pro se*, filed a complaint in this Court. *See id.* Therein, Plaintiff captioned the matter "Candy marie [sic] Collier, Plaintiff(s), v. THE UNITED STATES," below which she wrote in the following: "Butte County Sheriff Dept, Defendant." *Id.* at 1. In an attachment to her complaint, Plaintiff alleges that "Officer/Deputy Castillion," presumably a corrections officer at the Butte County Jail, where Plaintiff is housed, asked other inmates during the classification process whether they knew Plaintiff "and had any problems with her." ECF No. 1-2 at 2–3. To support this allegation, Plaintiff includes with her complaint three statements by inmates at Butte County Jail regarding incidents in which each inmate was asked whether she "had any problems with anyone, especially a female named Candy Collier" by "classification officer Mr. Castillion." *Id.* at 6; *see also id.* at 4, 5. Plaintiff also attaches an inmate grievance form, in which she describes incidents in which "Depty [sic]/Sheriff-Castillion, had broke [sic] confidentiality" and, as a result, her "life was put in danger." *Id.* at 7.

     Although Plaintiff's complaint is convoluted and involves no discussion of harm, she states that she seeks relief under 18 U.S.C. § 242 based on a "deprivation of rights under the color of law." ECF No. 1 at 1. In Plaintiff's attached statement, she claims that Butte County Jail personnel violated two provisions of the California Code of Regulations relating to confidential material and classification of inmates, as well as one Code of Federal Regulation provision on screening inmates for risk of sexual victimization. ECF No. 1-2 at 3 (citing CAL. CODE REGS. tit. 15, §§ 3321, 1050 (2025); 28 C.F.R. § 115.41). Based on the alleged violations, Plaintiff seeks relief in the following forms: "Investigate my file, [$]10 million. New trial, released from jail, charges against all parties involved against me criminally." ECF No. 1 at 3.

## DISCUSSION

### A.    Legal Standard

     The Court has an obligation to ensure that it has jurisdiction over all claims before it. *See, e.g.*, *St. Bernard Par. Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019) ("It is well settled that . . . the court must address jurisdictional issues, even *sua sponte*, whenever those issues come to the court's attention, whether raised by a party or not, and even if the parties affirmatively urge the court to exercise jurisdiction over the case.") (citing *Foster v. Chatman*, 578 U.S. 488, 496–97 (2016)); *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed. Cir. 1988) ("A court may and should raise the question of its jurisdiction *sua sponte* at any time it appears in doubt."). When the Court is faced with a claim beyond its jurisdictional grant, the Court has a duty to dismiss that claim. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

     This Court, like all federal courts, is one of limited jurisdiction. Under the Tucker Act, the Court of Federal Claims may "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Importantly, the "Tucker Act does not, of itself, create a substantive right enforceable against the United States." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *Ferreiro v. United States*, 501 F.3d 1349, 1351 (Fed. Cir. 2007)). Rather, to state a claim within this Court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages"—one that is "money-mandating." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). In other words, a plaintiff must state a claim based on a source of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *United States v. Mitchell*, 463 U.S. 206, 217 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)).

     If a plaintiff represents him or herself, that *pro se* plaintiff's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, a *pro se* plaintiff still "bears the burden of showing jurisdiction by a preponderance of the evidence." *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002) (citing *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942)). Put differently, "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet

jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) (citing *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

**B.    Analysis**

Plaintiff's complaint is convoluted and unclear regarding exactly against whom she is pursuing claims. As best it can, the Court interprets Plaintiff's claims as against three entities: an individual corrections officer, the "Butte County Sheriff Dept.," and the United States. ECF No. 1 at 1; ECF No. 1-2 at 7. First, Plaintiff repeatedly discusses actions taken by an "Officer Castillion" as the source of her claims. *See generally* ECF No. 1-2. All claims against an individual, even against an individual acting in his official capacity as a federal government official, are beyond the scope of this Court's jurisdiction. *See Gulley v. United States*, 150 Fed. Cl. 405, 412–13 (2020) ("Claims against individuals—even in their official capacity as government officials—fall outside of this Court's jurisdiction, as this Court only possesses jurisdiction to decide suits against the United States.") (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)). As such, the Court must dismiss any claims against Officer Castillion for lack of subject-matter jurisdiction. Next, Plaintiff asserts claims against "Butte County Sheriff Dept.," as her self-styled caption reflects. *See* ECF No. 1 at 1. Again, Plaintiff seems to be pursuing claims against an entity that is not the United States. As the Supreme Court has stated unequivocally, this Court's jurisdiction "is confined to the rendition of money judgments in suits brought for that relief against *the United States*, and if the relief sought is against other than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." *Sherwood*, 312 U.S. at 588 (emphasis added) (citation omitted). As it must, the Court dismisses all claims not "against the United States" as "beyond the jurisdiction of the court." *Id.* This leaves the Court to consider only any remaining claims against the United States.

Regarding Plaintiff's claims against the United States, Plaintiff similarly fails to meet her burden and make the required showing that this Court has subject matter jurisdiction over these claims. Plaintiff seeks relief under 18 U.S.C. § 242, a provision of the federal criminal code that notably does not mandate money damages. At bottom, this court lacks jurisdiction to adjudicate claims brought under the federal criminal code. *Maehr v. United States*, 767 F. App'x 914, 917 (Fed. Cir. 2019) ("Nor does the Court of Federal Claims have jurisdiction over criminal proceedings."); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code . . . ."). Moreover, the Federal Circuit has repeatedly affirmed this Court's dismissal of claims brought regarding alleged violations of the specific provision of the criminal code invoked here as beyond the Court's jurisdiction. *See, e.g.*, *Harris v. United States*, 686 F. App'x 895, 899 (Fed. Cir. 2017) (affirming dismissal of a claim regarding a violation of 18 U.S.C. § 242, given that the statute does not mandate money damages); *Jones v. United States*, 655 F. App'x 839, 840 (Fed. Cir. 2016) (affirming dismissal of claims brought under 18 U.S.C. §§ 241, 242 for lack of subject-matter jurisdiction); *Canuto v. United States*, 651 F. App'x 996, 997 (Fed. Cir. 2016) (affirming dismissal of claims brought under 18 U.S.C. § 242, given that it is found within the criminal code and not money-mandating); *see also Marcum v. United States*, 173 Fed. Cl. 168, 170 (2024) (dismissing all claims brought under 18 U.S.C. §§ 241, 242 as without this Court's jurisdiction). Therefore, all claims brought based on alleged violations of 18 U.S.C. § 242 must be dismissed, for this Court lacks jurisdiction to hear them.

Plaintiff next alleges a panoply of violations of other sources of law, including violations of the California Code of Regulations. ECF No. 1-2 at 3, 7 (citing CAL. CODE REGS. tit. 15, §§ 3321, 1050 (2025)). With regard to the California state provisions, it is well settled law that claims "founded on state law are . . . outside the scope of the limited jurisdiction of the Court of Federal Claims." *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007); *see also Bowden v. United States*, No. 21-cv-1671, 2021 WL 4891821, at *1–3 (Fed. Cir. Oct. 20, 2021) (affirming the Court of Federal Claims' dismissal based on, *inter alia*, lack of subject matter jurisdiction over alleged violations of the California code). As such, this Court must dismiss all claims brought under California state law for lack of subject matter jurisdiction.

Finally, Plaintiff alleges harm based on violation of the Prison Rape Elimination Act of 2003, 34 U.S.C. § 30301 et seq., specifically of an implementing regulation of that statute that sets out screening procedures to minimize risks of sexual abuse or assault among inmates. ECF No. 1-2 at 3 (citing 28 C.F.R. § 115.41). As with Plaintiff's other claims, the cited provision is not "reasonably amenable to the reading that it mandates a right of recovery in damages." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003). Because neither the cited regulation nor the Act itself provides a direct cause of action for victims to sue for monetary damages, the Court cannot exercise jurisdiction over any cause of action brought under the regulation or statute.

## CONCLUSION

Plaintiff's claims stem from alleged wrongs committed by a county corrections officer, and her claims appear to be primarily targeted at that corrections officer and the county's sheriff's department. Ultimately, Plaintiff's claims are not against the United States and, therefore, are beyond the scope of this Court's jurisdiction. To the extent that Plaintiff's claims are against the United States, neither the California Code of Regulations nor the Prison Rape Elimination Act of 2003 can support a claim in this Court. Accordingly, the case is **DISMISSED** pursuant to RCFC 12(h)(3) for lack of subject-matter jurisdiction. The Clerk shall enter **JUDGMENT** accordingly.

**IT IS SO ORDERED**.

s/ Zachary N. Somers  
ZACHARY N. SOMERS  
Judge